UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MIGUEL BALL, LUIS GONZALEZ, PEDRO
MARTINEZ, CHRISTIAN REID, CARLOS
RAMIREZ, AND JEAN CARLOS RODRIGUEZ

                    Plaintiffs,

            -against-

THE CITY OF YONKERS;
YONKERS POLICE DEPARTMENT;
POLICE OFFICER MARTINEZ-CRUZ, SHIELD#
897; POLICE OFFICER RODRIGUEZ;
POLICE OFFICER DIMAGGIO; POLICE
OFFICER JOHN DOE; POLICE OFFICER JIM DOE;
AND POLICE OFFICER JOE DOE AS INDIVIDUALS
AND POLICE OFFICERS

                    Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

INDEX NO.

'11 CIV 6626
JUDGE SEIBEL

Plaintiffs Miguel Ball, Luis Gonzalez, Pedro Martinez, Christian Reid, Carlos Ramirez
and Jean Carlos Rodriguez by their attorney Royce Russell of Emdin & Russell, LLP for their
complaint allege as follows:

## NATURE OF CLAIMS

1) Plaintiffs seek redress pursuant to 42 U.S.C. Section 1983 and 1988 et seg., for violation
   of rights secured by the First, Fourth, Sixth, Eighth Amendments and Due Process
   Clauses of the Fourteenth Amendment of the United States Constitution.

2) Plaintiffs also seek redress under Article 1, Section 11 of the New York State
   Constitution for denial of equal protection, and redress for tortuous conduct against
   Plaintiffs by Defendants through Assault, Battery, False Arrest, False Imprisonment,
   Conversion, Intentional Infliction of Emotional Distress, Negligent Infliction of
   Emotional Distress, Illegal Search and Seizure, Abuse of Process, Abuse of Power and
   Authority, Conspiracy, Fabrication of Evidence, Malicious Prosecution and Prima Facie
   Tort.

3) Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief
   an award of costs, interest and attorney's fees and such other further relief as this court
   deems equitable and just.

4) Due to outrageous and intentional acts of Police Misconduct, the Plaintiffs', innocent Latino males, were beaten by said Defendants separately. Some Plaintiffs were unlawfully arrested for purely fictitious crimes conjured up by said Defendant Police Officers while knowing all along that no crimes had been committed. Moreover, all said Police Officer Defendants conspired to and in fact did knowingly offer false statements in efforts of having Plaintiffs criminally prosecuted.

## JURISDICTION

5) This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201 and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a).

6) Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c). All material events described in this Complaint occurred in the City of Yonkers, State of New York.

## JURY TRIAL DEMANDED

7) Plaintiffs demand a trial by jury of claims pleaded herein.

## PARTIES

8) Plaintiffs, Miguel Ball, hereafter referred as "Miguel", Luis Gonzalez, hereafter referred as "Luis", Pedro Martinez, hereafter referred to as "Pedro", Christian Reid, hereafter referred to as "Christian", Carlos Ramirez, hereafter referred to as "Carlos", and Jean Carlos Rodriguez hereafter referred to as "Jean Carlos", are all United States citizens and residents of the City of New York, County of New York and/or County of Bronx, State of New York.

9) Defendant Police Officers Martinez-Cruz, Rodriguez, DiMaggio, John, Jim and Joe Doe are all Police Officers employed by the City of Yonkers, and the Yonkers Police Department and are still currently employed by said same.

10) All of the aforementioned Defendant Police Officers were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the Yonkers Police Department, a municipal agency of the City of Yonkers. All of the aforementioned named Defendant Police Officers are also being sued individually.

11) At all time relevant herein, all of the aforementioned named Defendant Police Officers were acting under color of the laws, statues, ordinances, regulations, policies, customs and usages of the State of New York, and the City of Yonkers Police Department, and

were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of Yonkers, and/ or the Yonkers Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all times relevant herein, all of the aforementioned named Defendants Police Officers were acting for and on behalf of the City of Yonkers Police Department, with the power and authority vested in them as officers, agents, servants and employees of the City of Yonkers Police Department, a municipal agency of the City of Yonkers. The Defendant City of Yonkers is liable for all the Causes of Action mentioned herein based on the principle of Respondeat Superior, as well as other principles articulated herein.

## PRELIMINARY FACTS

12) Plaintiffs have complied with all conditions precedent to commencing this action and, in particular, on or about October 12, 2010 and December 17, 2010, within ninety (90) days after the claim upon which this action is based, Plaintiffs duly served upon the Defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-h of the New York State General Municipal Law.

13) More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the Defendants.

14) This action is being commenced within one (1) year and ninety (90) days after the happening of the event upon which this claim is based.

15) Plaintiffs 50-H hearings were conducted by the Defendants on the following dates: Miguel Ball- January 26, 2011; Luis Gonzalez- January 26, 2011; Jean Carlos Rodriguez – January 26, 2011; Pedro Martinez – June 7th, 2011; and Carlos Ramirez is scheduled for his 50-H on November 2, 2011.

## STATEMENT OF FACTS

16) Plaintiffs were either falsely detained, and/or arrested, falsely imprisoned, as well as battered, assaulted and illegally seized and searched by  all of the aforementioned named Defendant Police Officers on or about September 26, 2010 between the hours of 3:30 a.m.- 4:30 a.m. or thereafter at the location of 623 South Broadway, Yonkers, NY and/or the City jail of Yonkers located in the City of Yonkers and the State of New York.

17) The arrests and detentions by said Defendants were made without cause or justification. Defendants intentionally, willfully and maliciously, wrongfully, unlawfully, and unjustifiably detained, arrested, imprisoned, battered, assaulted and incarcerated all Plaintiffs with the exception of Plaintiff Jean Carlos, who was not arrested.

18) On or about September 26, 2010 at approximately between the hours of 3:30 a.m – 4:30 a.m. outside of Alejo's Lounge located at 623 South Broadway, Yonkers, New York, State of New York, the sister of Plaintiff Miguel called for police assistance because her brother, Plaintiff "Miguel" was assaulted by unknown others for which he was hit with a bat and suffered a broken arm.

19) Upon the arrival of the Yonkers Police Officers, victim, Plaintiff Miguel attempted to provide the Defendants Yonkers Police Officers information as to why they were called for assistance.

20) Although Plaintiff Miguel informed said Defendant Officers that he was a victim of an assault, Plaintiff Miguel was pushed, upon information and belief by Defendant Officer Martinez-Cruz.

21) The Plaintiff, Miguel was then rushed by several other named Defendant Officers and struck multiple times with nightsticks, fists and shoes.

22) Plaintiff Miguel broken arm was grabbed and twisted behind his back as he was tightly handcuffed.

23) Plaintiff Miguel was eventually transported to St. John's Hospital.

24) Plaintiff  Miguel remained in St. John's Hospital handcuffed for approximately two hours before being released from the Defendants Officers custody.

25) Plaintiff Miguel was falsely detained and arrested for eight hours while during this time being refused family visits.

26) Plaintiff Miguel was falsely detained and arrested, however was not charged criminally and was released from St. John's Hospital.

27) During the time, Plaintiff Miguel was being beaten, Plaintiff Luis observed Defendant Police Officer Martinez-Cruz beating Plaintiff Miguel as well as other named Defendants' actions from his car.

28) Plaintiff Luis was ordered to exit his vehicle for which he complied.

29) Plaintiff Luis was not permitted to retrieve his car keys, for which he asked, and was told "the keys were the lease of his problems."

30) Defendant Police Officer Martinez-Cruz then opened her nightstick for no apparent reason.

31) Plaintiff Luis commented why she opened said nightstick, whereupon Defendant Officer Martinez-Cruz swung at Plaintiff Luis.

32) Plaintiff Luis was then thrown to the ground face first and kneed in the back by the named Defendants.

33) As Plaintiff Luis laid on the ground, defenseless, Plaintiff Luis was struck several times.

34) Thereafter, Defendant Officer Dimaggio lifted Plaintiff Luis off the ground by the handcuffs.

35) Plaintiff Luis was searched while he observed his car being driven by unknown Police Officers from the location of 623 South Broadway, Yonkers, New York.

36) Plaintiff Luis was transported to St. John's Hospital while handcuffed.

37) Plaintiff Luis was searched at the location of 623 South Broadway "Alejos Lounge" Yonkers, New York, City of Yonkers.

38) Plaintiff Luis was thereafter transported to the City jail of Yonkers and then searched again, photographed, and fingerprinted.

39) Plaintiff Luis was eventually issued a Summons for Disorderly Conduct and Obstruction of Government Administration.

40) Plaintiff, Carlos was outside of 623 South Broadway at the hours of 3:30 a.m. – 4:30 a.m. where he observed the Defendant Officers arrival and saw Defendant Officers striking Plaintiff Miguel for no reason.

41) Plaintiff Carlos questioned the Defendant Officers as to why they were assaulting Plaintiff Miguel.

42) Plaintiff Carlos was told to get out of here "If you don't want this to happen to you," referring to Plaintiff Miguel.

43) Plaintiff Carlos then went to his vehicle as he continued to communicate with the Defendants; Officers.

44) Plaintiff Carlos, as he sat in his car with the window rolled down continued to ask questions of the Defendant Police Officers, for which he was then punched in the face, by named Defendants.

45) Plaintiff Carlos was forcibly removed from his car and struck continuously by more Defendant Officers' hands, batons, and feet about the body and face.

46) Plaintiff Carlos was placed in handcuffs as he was being stuck.

47) Plaintiff Carlos was handcuffed while he was assaulted, and/or detained.

48) Plaintiff Carlos was then transported to Yonkers City jail located at 26 Alexander Street, Yonkers, New York.

49) Plaintiff Carlos was searched, fingerprinted, photographed and then placed in a cell.

50) Plaintiff Carlos was incarcerated, imprisoned until he was arraigned before a Criminal Court Judge on September 27, 2010 and 6:00 p.m.

51) Plaintiff Carlos was released on his own recognizance by the Court. Plaintiff Carlos was falsely charged with Disorderly Conduct.

52) Plaintiff Christian, lawfully located outside of 623 South Broadway, Yonkers, observed the Defendant Officers' misconduct, assault on the abovementioned Plaintiffs  and asked " Why are you doing that" of the Defendant Officers.

53) Plaintiff Christian in response was slammed to the ground and struck, kicked and kneed about his face and body.

54) Plaintiff Christian was then handcuffed while being beaten, lifted off the ground by the handcuffs and detained in the City jail of Yonkers.

55) Plaintiff Christian was searched, fingerprinted, photographed and placed in a holding cell until he was arraigned on September 27, 2010 at 3:30p.m.

56) Plaintiff, Christian was released on his own recognizance by the Criminal Court Judge.

57) Plaintiff Christian was falsely charged with Disorderly Conduct.

58) Plaintiff Pedro was also lawfully located at 623 South Broadway, Yonkers, New York on or about September 26, 2010 at the approximate hours of 3:30a.m.- 4:30a.m. when he observed his friend, Plaintiff Luis, being beaten by the named Defendant Officers and screamed for them to stop beating Plaintiff Luis.

59) Upon screaming the above Defendants Officers John, ran toward Plaintiff Pedro and struck him in the head knocking him to the ground.

60) Additional named Defendant Officers then beat Plaintiff Pedro with batons as he laid defenseless on the ground.

61) Plaintiff, Pedro eventually lost consciousness and upon regaining consciousness he found himself inside St. John's Hospital, whereupon, he received several stitches to his forehead and staples to his scalp.

62) Plaintiff Pedro, upon release from the hospital was transported handcuffed to the Yonkers City Jail where he was searched, photographed, fingerprinted, and detained until September 27, 2010 at 3:30p.m.

63) Upon being arraigned for the false charges of Criminal Possession of a Weapon, Criminal Mischief, Resisting Arrest, Felony Assault among other charges, was released on his own recognizance.

64) Plaintiff Jean-Carlos was also lawfully located at 623 South Broadway, Yonkers, New York, upon seeing his friend Plaintiff Luis and Christian being beaten by Defendant Officers.

65) Plaintiff Jean-Carlos upon his observation retrieved his cell phone to record the incident.

66) Defendant Police Officer Martinez-Cruz approached Plaintiff Jean-Carlos with her nightstick out and placed it against his throat pinning Plaintiff Jean-Carlos to a wall.

67) Defendant Police Officer Martinez-Cruz then stated "this could happen to you"

68) Plaintiff understood that Defendant was referring to the beating of his friends Luis and Christian.

69) Immediately upon Plaintiff Jean-Carlos' detention, other Defendants assisted Defendant Police Officer Martinez-Cruz as she grabbed the phone, pushed Plaintiff Jean-Carlos to the side and slammed the phone to the ground.

70) Defendant Police Officer Martinez-Cruz then crushed the phone with her nightstick until it was destroyed.

71) Plaintiff Jean-Carlos was then searched and ordered across the street.

72) At the time of Plaintiffs' arrest, Plaintiffs had committed no criminal act whatsoever. After Plaintiffs' arrests, all of the named Defendant Police Officers conspired to "cover-up" their wrongdoing by deliberately manufacturing false evidence against the Plaintiffs.

73) The conduct and actions of the Defendant Police Officers in this case constituted a serious and material departure from establishment methods or Police conduct and procedure.

74) The conduct of the Defendants in falsely detaining, arresting, imprisoning, assaulting, and fabricating evidence proximately caused Plaintiffs serious and permanent emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

75) All conduct of the Defendants herein were gross, willful, wanton, intentional, purposeful and reckless, negligent and careless.

76) All such information was in fact deliberately false and manufactured by all said

Defendants as part of their conspiracy to cover-up their wrongdoing for assaulting, illegally searching, and seizing the Plaintiffs as well as falsely detaining and arresting the Plaintiffs for no legitimate cause or purpose.

## FIRST CLAIM OF RELIEF
## 42 U.S.C. 1983 & 1988 et. seg.

77) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "76" of this complaint with the same force and effect as if more fully and at length set forth herein.

78) By the aforesaid acts, Defendants have violated Plaintiffs' rights to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983 and 43 U.S.C. 1988.

79) The conduct and actions of the named Defendant Police Officers, and the Defendant City of Yonkers, acting under color of law, in falsely detaining, arresting, incarcerating, battering, assaulting, maliciously prosecuting, providing false evidence and conspiring against Plaintiffs, among other intentional misconduct, was done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the Plaintiffs of rights including, but not limited to, their rights under the First and Fourth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and the Eight Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

80) By reason of the Constitutional violations by the Defendants, Plaintiffs have has been damaged as set forth above.

## SECOND CLAIM FOR RELIEF
## NEW YORK CONSTITUTION
## ART. I, 11

81) Plaintiffs repeat reallege every assertion contained in paragraphs "1" through "80" of this complaint with the same force and effect as if more fully and at length set forth herein.

82) By the aforesaid acts, Defendants have violated Plaintiffs' right to the equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to cause of action pursuant to that Article.

83) The conduct and actions of the named Defendant Police Officers , and Defendant City of Yonkers, acting under color of law, in falsely detaining, arresting, incarcerated, battering,

assaulting, maliciously prosecuting and conspiring against Plaintiff, among other intentional misconduct, was done intentionally, maliciously and/or with a reckless disregard for the natural probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under law and Constitution of the State of New York. The above described actions and omissions engaged in under color of state law by the named Police Officer Defendants, including Defendant City of Yonkers, sued as a person within the meaning of Article I, 11 deprived the Plaintiffs of rights, including but not limited to, their rights under Article I, 8, 9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

84) By reason of the Constitutional violations by Defendants, Plaintiffs have been damaged as set forth above.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

85) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "84" of this complaint with the same force and effect as if more fully and at length set forth herein.

    a.  The above described injuries suffered by the Plaintiffs are the proximate result of the negligence of the Defendant Yonkers Police Department, in that the Defendant City of Yonkers and the Yonkers Police Department failed to exercise reasonable care in the hiring, employment, supervision and training of its employees.

86) The Defendant City of Yonkers and the Yonkers Police Department had, or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendants.

87) Defendant City of Yonkers, and the Yonkers Police Department knew or should have known of the unlawful actions of the named Police Officer Defendants, through actual and constructive notice, of their unlawful activities, including but not limited to those allegations as set forth in the preceding paragraphs above. Defendants Yonkers, and Yonkers Police Department failed to exercise reasonable care by retaining and not terminating the employment of the named Police Officer Defendants or taking other appropriate action. The occurrence complained of herein were due to the negligence and recklessness of the Defendant City of Yonkers and the Yonkers Police Department.

88) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST

89) Plaintiffs, excluding Plaintiff Jean Carlos, repeat and reallege every assertion contained in paragraphs "1" through "88" of this complaint with the same force and effect as if more fully and at length set forth herein.

90) By the aforesaid acts, Defendants unlawfully and unjustifiably arrested Plaintiffs without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly and negligently in detaining and arresting Plaintiffs despite Plaintiffs' innocence, and utilized the criminal justice system through conspiracy and providing false evidence and/or the fabrication of evidence to prosecute Plaintiffs in order to cover-up their own wrongful conduct.

91) The Defendants tortuous conduct as set forth above herein directly resulted in the Plaintiffs being wrongfully imprisoned for at least twenty four (24) hours.

92) By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF
## FALSE IMPRISONED

93) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "92" of this complaint with the same force and effect as if more fully and at length set forth herein.

94) By the aforesaid acts, Defendants unlawfully and unjustifiably imprisoned Plaintiffs, except for Plaintiff Jean Carlos, without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly and negligently in detaining and arresting Plaintiffs despite Plaintiffs' innocence, and utilized the criminal justice system through conspiracy and providing false evidence and/or the fabrication of evidence to prosecute Plaintiff in order to cover-up their own wrongful conduct.

95) The Defendants tortuous conduct as set forth above herein directly resulted in the Plaintiffs being wrongfully imprisoned for at least twenty four (24) hours.

96) By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

## SIXTH CLAIM FOR RELIEF
## PRIMA FACIE TORT

97) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "96" of this complaint with the same force and effect as if more fully and at length set forth herein.

98) In falsely detaining, arresting, incarcerated, fabricating and conspiring against Plaintiffs, Defendants acted with malicious intent, recklessness and negligence to injure and harm Plaintiffs.

99) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

100) For all claims under New York State Law, Defendants are jointly and severally liable to the Plaintiffs inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

## SEVENTH CLAIM FOR RELIEF
## ASSAULT

101)    Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "100" of this complaint with the same force and effect as if more fully and at length set forth herein.

102)    By the aforesaid acts, Defendants have caused physical harm and injury upon the person(s) of each individual Plaintiff named in the compliant herein. Defendants acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently, in the use of excessive force upon the Plaintiffs' person, through the violent use of punches, kicks, shoves, pushes, knees, thrown to the ground, the misuse of the police baton, handcuffs and other abusive mentally, emotionally, and/or physical acts.

103)    By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## EIGHTH CLAIM FOR RELIEF
## BATTERY

104)    Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "103" of this complaint with the same force and effect as if more fully and at length set forth herein.

105)    By the aforesaid acts, Defendants have caused physical harm and injury upon the person(s) of each individual Plaintiff named in the compliant herein. Defendants acted

willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently, in the use of excessive force upon the Plaintiffs' person, through the violent use of punches, kicks, shoves, pushes, knees, thrown to the ground, the misuse of the police baton, handcuffs and other abusive mentally, emotionally,  and/or physical acts.

106)     By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.


## NIGHTH CLAIM FOR RELIEF
## CONSPIRACY AND FABRICATION OF EVIDENCE

107)     Plaintiffs, excluding Plaintiff Jean Carlos, repeat and reallege every assertion contained in paragraphs "1" through "106" of this complaint with the same force and effect as if more fully and at length set forth herein.

108)     The named Police Officer Defendants did knowingly and intentionally agree and/or otherwise conspire to provide false testimony and/or evidence against the Plaintiffs to cover-up their wrongdoing of falsely detaining, arresting, imprisoning, battering, assaulting, fabricating evidence such as testimony to secure a criminal complaint to ensure the malicious prosecution of the Plaintiffs.

109)     The product of said conspiracy and fabrication of evidence could have led to Plaintiffs being sentenced to jail for a minimum of one year and receiving a criminal record.

110)     The Defendants tortuous conduct caused the Plaintiffs to suffer severe emotional distress and thus the Plaintiffs have been damaged as set forth above.


## TENTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION

111)     Plaintiffs, excluding Plaintiff Jean Carlos, repeat and reallege every assertion contained in paragraphs "1" through "110" of this complaint with the same force and effect as if more fully and at length set forth herein.

112)     The Defendants intentionally and knowingly provided false evidence, testimony, and/or information to the prosecutional agencies involved herein in an effort to conceal their wrongful actions.

113)     Based on the Defendants' deliberate actions as set forth above, the Plaintiffs were falsely and maliciously prosecuted by the Yonkers District Attorney's Office.

114)     The Plaintiffs were compelled to retain counsel to defend themselves against the

false charges that were filed against them.

115)      The Plaintiffs were charged with various Misdemeanors, Violations and Plaintiff
Pedro was charged falsely with a Felony for which any of these charges could have
exposed Plaintiffs to incarceration.

116)      As set forth above, the Plaintiffs were forced to return to court based on the
Defendants' actions.

117)      By reason of the tortuous conduct of Defendants, the Plaintiffs have been
damaged as set forth above.

## ELEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118)  The Plaintiffs repeats, reiterates and realleges each and every allegation contained in
paragraphs marked "1" through "117" with the same force and effect as if more fully and at
length set forth herein.

119)  That the officers, Martinez-Cruz; Rodriguez; DiMaggio; John, Jim and Joe Doe, acting
in the scope of their employment acted in a manner that exceeded all reasonable bounds of
decency with intent to inflict emotional distress upon the Plaintiffs.

120) That the Plaintiffs did sustain emotional distress as a result of the Defendants Police
Officer's conduct and the City under the doctrine of respondent superior

121) That by reason of the aforesaid, the Plaintiffs have been damaged in a sum exceeding
the jurisdictional limits of the lower court.

## TWELFTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

122) The Plaintiffs repeats, reiterates and realleges each and every allegation contained in
paragraphs marked "1" through "121" with the same force and effect as if more fully and at
length set forth herein.

123)  That the Defendants', Officers, Martinez-Cruz, Rodriguez, DiMaggio, John, Jim, and
Joe Doe, acting in the scope of their employment acted in a manner that exceeded all
reasonable bounds of decency with intent to inflict emotional distress upon the Plaintiffs.

124) That the Plaintiffs did sustain emotional distress as a result of the Defendants Police
Officer's conduct and the City under the doctrine of respondent superior

125) That by reason of the aforesaid, the Plaintiffs have been damaged in a sum exceeding
the jurisdictional limits of the lower court.

## THIRTEENTH CLAIM FOR RELEIF
## CONVERSION OF PROPERTY

126)     The Plaintiffs, Jean-Carlos and Luis repeat, reiterate, and reallege each and every allegation contained in paragraphs marked "1" through "125" with the same force and effect as if more fully and at length set forth herein.

127)     That Defendants, Officers acting in the scope of their employment took property from Plaintiff Jean-Carlos (cell phone), and Plaintiff Luis ( car keys), and have converted said property.

128)     That Defendants Police Officers and Yonkers Police Department have intentionally converted said property by way of destroying it and/or refusing to return the property.

129)     Said acts of conversion is a misuse and abuse of power and authority and have violated the Plaintiffs' State and Federal rights.

130)     That by reason of the aforesaid, Plaintiffs Jean-Carlos and Luis have been damaged in sum exceeding the jurisdictional limits of the lower courts.


## MONELL CLAIM

131)     Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "130" of this complaint with the same force and effect as if more fully and at length set forth herein.

132)     At all time material to this complaint, the Defendant City of Yonkers acting through the Yonkers Police Department, had in effect de facto policies, practices and customs that were a direct and proximate cause of the unconstitutional conduct of Defendants. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control Police Officers who are repeatedly accused of such acts; and, the Police Code Silence wherein Police Officers regularly cover-up police misconduct such as racial profiling, the unjustified use of force and tactics, like telling false and incomplete stories, or failing to report the misconduct and unjustified force and tactics by other Police Officers during their course of employment.

133)     Additionally, Defendants allowed the named Defendants and other officers to participate in racial profiling as to people of color, in particular Latino males, such as illegally detaining, arresting and assaulting Latino males and then falsifying, fabricating evidence to cover-up their misconduct.

134)     While the tolerance for brutality and racial profiling arises from the same set of

police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant—both outwardly and inwardly—of occasional police brutality and the use of racial profiling...[M]any do not seem to believe that anything is really wrong with a few blows and bruises now and then. Even officers who would never take a free cup of coffee, seem to tolerate what they believe is a little "street justice." An excessive use of fists to face, a nightstick to the ribs, and knees to groin are seen as the realities of policing. Upon information and belief, this mentality is extended to racial profiling.

135)     The Defendant City of Yonkers and the Yonkers Police Department had or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendants.

136)     The Defendant City of Yonkers knew or should have known of the unlawful actions of all of the named Police Officer Defendants through actual and constructive notice of their unlawful activities, including but not limited to, those allegations as set forth in paragraphs "1" through "135" above.

137)     Defendant the City of Yonkers failed to exercise reasonable care by retaining and not terminating the employment of all said named Police Officer Defendants or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the Defendant the City of Yonkers.

138)     Upon information and belief, the Defendant the City of Yonkers and Yonkers Police Department have failed to effectively screen, hire train, supervise, and discipline their Police Officers, including all of the named Defendant Police Officers, for their propensity for misconduct, including lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other Police Officers, thereby permitting and allowing the named Police Officer Defendants herein to be in a position to unjustifiably manufacture evidence, arrest, restrain and assault the Plaintiffs and to otherwise cause them injury and violate their state and federal constitutional rights.

139)     Upon information and belief, all of the named Police Officer Defendants have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the City of New York that all of the named Police Officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiffs herein.

140)     Upon information and belief, the Defendant City of Yonkers and the Yonkers Police Department, maintained an inadequate structure for risk containment and stress management relevant to its Police Officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time selection of Police Officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the

performance of individual Police Officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit Police Officers to function at levels of significant and substantial risk to the public.

141)     As a result of the foregoing conscious policies, practices, customs and /or usages, Defendant City of Yonkers and the Yonkers Police Department, have permitted and allowed the employment and retention of individuals as Police Officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent and fraudulent behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the injuries to Plaintiffs herein.

142)     As a result and proximate result of the City of Yonkers wrongful policies, practices customs and/or usages complained of herein, Plaintiffs have suffered severe physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

143)     Defendant City of Yonkers is additionally liable under the legal principle of Respondeat Superior, in that all of the named Police Officer Defendants were on duty and were acting in the course and scope of their duties and employment as a City of Yonkers Police Officer during the detention, false arrest, malicious prosecution and assault upon Plaintiffs Miguel, Luis, Carlos, Christian, Pedro, and Jean Carlos.

WHEREFORE, Plaintiffs Miguel Ball, Luis Gonzalez, Christian Reid, Carlos Ramirez, Pedro Martinez, and Jean Carlos Rodriguez respectfully request judgment upon all causes of action against Defendants as follows:

1. With respect to Defendant The City of Yonkers; and Yonkers Police Department

(a) Declaratory judgment declaring that Defendant City of Yonkers and Yonkers Police Department has violated the aforesaid statues and constitutions.

(b) Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by him but for the Defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

(c) Compensatory damages in an amount to be determined by the court and jury;

(d) Punitive damages in the amount to be determined by the court and jury

(e) Reasonable attorney's fees, disbursements and costs of this action, pursuant to U.S.C.

Section 1988;

(f)  All legal and statutory interest on sums awarded

(g)  Such other and further relief as this honorable court may deem just, proper and equitable

2.  With respect to each Police Officer Defendants;

(a)  Declaratory judgment declaring that the Defendants have violated the aforesaid statues and constitutions;

(b)  Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by them but for Defendants' unlawful, wrongful, tortuous, and unconstitutional conduct.

(c)  Compensatory damages in an amount to be determined by the court and jury;

(d)  Punitive damages in an amount to be determined by the court and jury;

(e)  Reasonable attorney's fees, disbursements, and costs of this action, pursuant to 42 U.S.C. Section 1988;

(f)  All legal and statutory interest on sums awarded.

Dated:   New York, New York
         September 21 , 2011

Emdin & Russell, LLP.
Royce Russell, Esq.
Attorneys for Plaintiffs
286 Madison Avenue Ste 2002
New York, New York 10017
(212) 683-3995

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Emdin & Russell, LLP., the attorneys of record for the Plaintiffs in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs do not reside in the County where the undersigned maintains an office.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
         September 22 2011

By: Royce Russell, Esq.